Oiosy, JT.
1. The indictment charges burglary in breaking and entering a barn in the night season, and stealing therefrom. Verdict guilty and sentence imprisonment in the penitentiary, under Rev. Stats. § 6835. The wheat and meat stolen were in a store-house, and the evidence shows that the door of such store-house was locked, and that in order to get the wheat and meat it was necessary to break open such door. But it was wholly immaterial whether the door of the store-house was open or fastened. There was evidence to prove the breaking and entering the barn, which was the offense charged, and the crime was not disproved by evidence showing that in order to complete tbe theft it was necessary to break and enter the store-house. We understand the proof to be that tbe storehouse was within the barn, and tlie door of tbe store-house could not be reached except by first passing into the barn. In other words, that tbe store-house was merely part of the barn. But if it was not necessary, in order to reach the door of the store-house, to pass into the barn, tbe result would be tbe same, for “ when, on the trial of an indictment there appears to be any variance between the statement in such indictment and the evidence offered in proof thereof, ... in the name or description of any matter or thing therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court, before which the trial is had, find that such variance is material to the merits of the case or may be- prejudicial to the defendant.” Rev. Stats. § 7216. *217 Under the circumstances appearing by this record, the alleged variance could not, in any view, be material or prejudicial.
2. Evidence was given tending to show that the defendant committed the alleged burglary and larceny on the night of May 5, 1882. The defendant offered evidence tending to prove an alibi. The court charged the jury, among other things, as follows ; “ Under the plea'of not guilty, the defendant, Walters, interposes the claim and defense that at the very time of the alleged commission of the crime he was elsewhere; that is,, that he was at that identical time either in the city of Mansfield or in the village of Ashland, or in a railroad car journeying between the two places; so that, being elsewhere, it was physically impossible for him to be committing crime at the same time at Balliet’s barn. This defense, in law, is called alibi. The. defendant need not make out his defense of alibi by convincing you beyond reasonable doubt. If he established this defense of alibi by a prteponderauee of evidence, that is enough — you must acquit him. A preponderance of evidence for the alibi will be when it outweighs what the state has produced to the contrary, and all the evidence to the contrary. The credibility of the alibi is greatly strengthened if it be set up at the moment of first accusation, and if it be consistently maintained throughout subsequent proceedings ; otherwise its weight is lessened.” To which charge the defendant excepted.
We hold this charge to be erroneous. It is, in effect, that evidence tending to show such alibi is not to be considered in favor of the defendant unless it outweighs all the evidence in opposition to it. We think it was the duty of the judge to have said to the jury that they must consider all tire evidence in the case, including that relating to the alibi, and determine from the whole evidence whether it was shown beyond reasonable doubt that the defendant had committed the crime with Avhich he was charged. The burden of proof was not changed when the defendant undertook to prove an alibi, and if, by reason of the evidence in relation to such alibi, the jury should doubt the defendant’s guilt, he would be entitled to an acquittal, although the jury might not be able to say that the alibi was *218 fully proved. Toler v. State, 16 Ohio St. 583 ; 1 Bishop Or. Pro. §§ 1061-1068; Wharf. Or. Ev. § 333.

Judgment reversed.